IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TELINIT TECHNOLOGIES, LLC § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 2:13-cv-803 |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| SPOTIFY USA, INC. § | |
| § | |
| Defendant. § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

COMES NOW, Plaintiff Telinit Technologies, LLC ("Telinit"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Spotify USA, Inc. ("Spotify USA") (hereinafter, "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Telinit, from U.S. Patent No. 7,016,942 (the "'942 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorneys fees, and costs.

**THE PARTIES**

2. Plaintiff Telinit is a Texas corporation with its principal place of business at 2500 Dallas Parkway, Suite 260, Plano, Texas 75093-4871.

3. Spotify USA is organized under the laws of the state of Delaware with its principal place of business at 45 W 18th St., 7th Floor, New York, NY 10011.

4. Defendant is in the business of providing users access to a multimedia (music) content distribution network that channel data through a network from an initial client/server connection to direct client-to-client communication, including but not limited to the application "Spotify", throughout the United States, including within this judicial jurisdiction. Customers in the United States enter into a contract with Defendant to receive access to the Spotify application.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Telinit, and the cause of action Telinit has risen, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

8. Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offer for sale, sell, advertise (including through the use of interactive web pages with promotional material) products or services, or use or induce others to

use services or products in Texas, including this judicial district, that infringe the '942 patent.

9. Specifically, Defendant solicits business from and markets its products to consumers within Texas by offering to set connections for potential Texas consumers enabling them to communicate with Defendant's websites and applications through the Internet.

10. In addition to Defendant's continuously and systematically conducting business in Texas, the causes of action against Defendant is connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's making, using, offering for sale, or selling products and services for network-based client/server connectivity (dynamic hosting) systems which include features that fall within the scope of at least one claim of the '942 patent.

11. Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## FACTUAL ALLEGATIONS

12. On March 21, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '942 patent, entitled "Dynamic Hosting" after a full and fair examination.

13. Telinit is presently the owner of the patent, having received all right, title and interest in and to the '942 patent from the previous assignee of record. Telinit possesses all rights of recovery under the '942 patent, including the exclusive right to recover for past infringement.

14. The '942 patent is valid and enforceable.

15. The '942 patent contains four independent claims and 24 dependent claims. Defendant commercializes, *inter alias*, methods that perform all the steps recited in at least one claim of the '942 patent, and also make, use, sell and/or offer to sell products that encompass at least one claim of the '942 patent.

16. The invention claimed in the '942 patent includes a computer-implemented method for channeling data through a network from an initial server or client connection to direct a communication from two client computers.

17. The method includes at least two computers connecting through a network to a static server which can be accessed through a predesignated address. The computers can be identified as a first computer ("First Computer") and a second computer ("Second Computer").

18. The before mentioned computers establish a communications sessions with the static server at a time in which both computers are not presently communicating with each other. Once that connection with the static server is established, the First Computer transmits first data to the Second Computer though the static server.

19. Afterwards, and while maintaining network connectivity to said static server, the First Computer directly transmits a second data to said Second Computer without said static server intervening.

20. Alternatively, the method includes the above mentioned steps and a static server evaluating at least one operational characteristic of the first computer, where the static server selects said first computer as a dynamic host.

## DEFENDANT'S PRODUCTS

21. Defendant offer a streaming service using peer-to-peer techniques in which users can access Defendant's library of over 8 million tracks which allows the user to freely choose tracks they wish to listen to ("Defendant's Products"). Data is streamed from both servers and a peer-to-peer network. Users can access this service through a Spotify software application, which is available for computer desktops and hand-held devices. Users can subscribe to the service for free, or can opt to pay a monthly fee for additional features and options.

22. Defendant's Products are systems and a network of computers which channel data (music) using both an initial server-to-client connection and then a direct peer-to-peer (client-to-client) communication.

23. Defendant's Products employ peer computers to connect to a server deployed in the back-end of Defendant's Products which has a pre-designated Internet Protocol ("IP") address.

24. When a given peer client ("requesting peer") attempts to stream a song using Defendant's Products, it communicates with the server. Prior to connecting to the server, however the peer computers are generally not in direct communication with each other.

25. The Defendant's server then selects a different peer client ("streaming peer") that is capable of streaming the requested song to the requesting peer, thereby making the streaming peer serve as the dynamic host.

26. The streaming peer and the requesting peer are in an equal in a peer to peer network, with both peers being directly connected without the need for any routing through the Defendant's server.

## COUNT I: DIRECT INFRINGEMENT

27. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 26.

28. Taken together, either partially or entirely, the features included in Defendant's system and Products, perform the process recited in at least one of the claims of the '942 patent.

29. Defendant directly infringes one or more claims of the '942 patent by making, using, selling, offering to sell and/or importing the Defendant's Products in violation of 35 USC § 271(a).

30. By engaging in the conduct described herein, Defendant has injured Telinit and is thus liable for infringement of the '942 patent, pursuant to 35 U.S.C. §271.

31. Defendant has committed these acts of infringement without license or authorization.

32. To the extent that facts learned in discovery show that Defendant's infringement of the '942 patent is or has been willful, Telinit reserves the right to request such a finding at the time of trial.

33. As a result of Defendant's infringement of the '942 patent, Telinit has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

34. Telinit will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Telinit is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

35. Telinit has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with it from directly or indirectly infringing the '942 patent.

## **DEMAND FOR JURY TRIAL**

36. Telinit demands a trial by jury of any and all causes of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Telinit prays for the following relief:

1. That Defendant be adjudged to have infringed the '942 patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '942 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Telinit for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5. That Defendant be directed to pay enhanced damages, including Telinit's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That Telinit have such other and further relief as this Court may deem just and proper.

Dated: October 9, 2013						Respectfully Submitted,

											By:  /s/ William E. Davis, III
											William E. Davis, III
											Texas State Bar No. 24047416
											**The Davis Firm, PC**
											111 West Tyler Street
											Longview, Texas 75601
											Telephone: (903) 230-9090
											Facsimile: (903) 230-9661
											Email: bdavis@badavisfirm.com

											*Of Counsel*

											Eugenio J. Torres-Oyola
											USDC No. 215505
											**Ferraiuoli LLC**
											221 Plaza, 5th Floor
											221 Ponce de León Avenue
											San Juan, PR 00917
											Telephone: (787) 766-7000
											Facsimile: (787) 766-7001
											Email: etorres@ferraiuoli.com

											**ATTORNEYS FOR PLAINTIFF
											TELINIT TECHNOLOGIES, LLC**