UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TELINIT TECHNOLOGIES, LLC | CIVIL ACTION NO. 2:13-cv-803-JRG-RSP |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| SPOTIFY USA INC., | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| GARY ODOM d/b/a PATENT HAWK LLC | |
| Third-Party Defendant. | |

### DEFENDANT SPOTIFY USA INC.'S
### ANSWER, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Defendant Spotify USA Inc. ("Spotify"), by and through its undersigned counsel, responds as follows to the Complaint for Patent Infringement ("Complaint") of Plaintiff Telinit Technologies, LLC ("Telinit"), as follows:

### NATURE OF THE ACTION

1.      Spotify admits that Telinit purports to bring this action under Title 35 of the United States Code and under 35 U.S.C. § 271.  Exhibit "A" of the Complaint purports to be a copy of United States Patent No. 7,016,942 (the "'942 Patent"), and Spotify refers Telinit to that document for its full and complete contents.  Spotify denies all characterizations inconsistent therewith.  Spotify denies that the '942 Patent is valid and enforceable.  Except as expressly admitted, Spotify otherwise denies each and every allegation contained in Paragraph 1 of the Complaint.

## PARTIES

2.      Spotify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and on that basis denies each and every allegation contained therein.

3.      Spotify admits that it is a Delaware corporation and that its principal place of business is 45 W. 18th St., 7th Floor, New York, NY 10011.

4.      Spotify admits that it is a digital music service that provides digital music to users.  Spotify further admits that Spotify users may, in some circumstances, receive digital music from Spotify's servers.  Spotify further admits that, in some circumstances, some of Spotify's users may receive digital music from other Spotify users or from a locally stored cache. Spotify denies that Spotify "is in the business of providing users access to a multimedia (music) content distribution network that channel data through a network from an initial/server connection to direct client-to-client communication," and further denies and explicitly disclaims any purported effort by Telinit to impart any definitions or meanings for language or terminology appearing or used in the '942 Patent, including regarding the meaning or scope of any claim. Except as expressly admitted herein, Spotify denies all other allegations of Paragraph 4.

## JURISDICTION AND VENUE

5.      Spotify admits that Telinit purports to bring this action under 35 U.S.C. § 1, *et seq.*, and that Telinit purports to ground subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  The remaining allegations set forth in Paragraph 5 of the Complaint state a legal conclusion to which no response is required; if such a response is required, Spotify denies those allegations.

6.      Spotify denies the allegations of Paragraph 6 of the Complaint.

7.      For the purposes of this action, Spotify does not contest that it conducts business in and is subject to personal jurisdiction in this District. Spotify denies all other allegations contained in Paragraph 7 of the Complaint.

8.      For the purposes of this action, Spotify does not contest that it conducts business in this District. Spotify denies all other allegations contained in Paragraph 8 of the Complaint.

9.      Spotify denies the allegations of Paragraph 9 of the Complaint.

10.      Spotify denies the allegations of Paragraph 10 of the Complaint.

11.      Spotify admits that Telinit purports to base venue in this District under 28 U.S.C. §§ 1391 and 1400(b). Except as expressly admitted, Spotify otherwise denies each and every allegation contained in Paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12.      Spotify denies all characterizations of the '942 Patent inconsistent with the '942 Patent.  The allegations contained in Paragraph 12 of the Complaint are not directed at Spotify and no response is required.  To the extent a response is required to the allegations in Paragraph 12, Spotify denies them.

13.      Spotify denies all characterizations of the '942 Patent inconsistent with the '942 Patent.  The allegations contained in Paragraph 13 of the Complaint are not directed at Spotify and no response is required.  To the extent a response is required to the allegations in Paragraph 13, Spotify denies them.

14.      Spotify denies that the '942 Patent is valid and enforceable.

15.      Spotify denies all characterizations of the '942 Patent inconsistent with the '942 Patent.  Except as expressly admitted, Spotify otherwise denies each and every allegation contained in Paragraph 15 of the Complaint.

16.     Spotify denies all characterizations of the '942 Patent inconsistent with the '942 Patent.  The allegations contained in Paragraph 16 of the Complaint are not directed at Spotify and no response is required.  To the extent a response is required to the allegations in Paragraph 16, Spotify denies them.

17.     Spotify denies all characterizations of the '942 Patent inconsistent with the '942 Patent.  The allegations contained in Paragraph 17 of the Complaint are not directed at Spotify and no response is required.  To the extent a response is required to the allegations in Paragraph 17, Spotify denies them.

18.     Spotify denies all characterizations of the '942 Patent inconsistent with the '942 Patent.  The allegations contained in Paragraph 18 of the Complaint are not directed at Spotify and no response is required.  To the extent a response is required to the allegations in Paragraph 18, Spotify denies them.

19.     Spotify denies all characterizations of the '942 Patent inconsistent with the '942 Patent.  The allegations contained in Paragraph 19 of the Complaint are not directed at Spotify and no response is required.  To the extent a response is required to the allegations in Paragraph 19, Spotify denies them.

20.     Spotify denies all characterizations of the '942 Patent inconsistent with the '942 Patent.  The allegations contained in Paragraph 20 of the Complaint are not directed at Spotify and no response is required.  To the extent a response is required to the allegations in Paragraph 20, Spotify denies them.

## DEFENDANT'S PRODUCTS

21.-26. In Paragraphs 21-26 of the Complaint, Telinit has attempted to characterize Spotify's services.  Spotify admits that it is a digital music service that provides digital music to users.  Spotify further admits that Spotify users may, in some circumstances, receive digital

music from Spotify's servers.  Spotify further admits that, in some circumstances, some of Spotify's users may receive digital music from other Spotify users or from a locally stored cache. Because Paragraphs 21-26 of the Complaint do not accurately characterize Spotify's services, except as expressly admitted herein, Spotify denies the allegations in Paragraphs 21-26.

## COUNT I: DIRECT INFRINGEMENT

27.     Except as expressly admitted, Spotify otherwise denies each and every allegation contained in Paragraph 27 of the Complaint.

28.     Spotify denies the allegations of Paragraph 28 of the Complaint.

29.     Spotify denies the allegations of Paragraph 29 of the Complaint.

30.     Spotify denies the allegations of Paragraph 30 of the Complaint.

31.     Spotify denies the allegations of Paragraph 31 of the Complaint.

32.     Spotify denies the allegations of Paragraph 32 of the Complaint.

33.     Spotify denies the allegations of Paragraph 33 of the Complaint.

34.     Spotify denies the allegations of Paragraph 34 of the Complaint.

35.     Spotify denies the allegations of Paragraph 35 of the Complaint.

## DEMAND FOR JURY TRIAL

36.     Spotify denies that Telinit is entitled to a jury except as permitted by law.

## PRAYER FOR RELIEF

37.     Spotify denies that Telinit is entitled to any of the relief requested in Prayer for Relief Paragraphs 1-6 of the Complaint.

To the extent any allegation of the Complaint has not previously been specifically admitted or denied, Spotify denies it.

## DEFENSES

Spotify, as further and separate defenses to the Complaint, without assuming any burden it would not otherwise bear, and reserving its right to assert additional defenses, alleges, upon information and belief, the following defenses:

### FIRST DEFENSE
### (Failure to State a Claim)

38.     Telinit's claim for relief and each and every one of its allegations fails to state a claim against Spotify upon which any relief may be granted.

### SECOND DEFENSE
### (Lack of Standing)

39.     Telinit lacks standing to bring an action for infringement of the '942 Patent.

### THIRD DEFENSE
### (Lack of Subject Matter Jurisdiction)

40.     To the extent that Telinit purports to state claims for alleged injuries arising from alleged conduct outside of the United States, this Court is without subject matter jurisdiction to hear those claims.

### FOURTH DEFENSE
### (Invalidity of U.S. Patent No. 7,016,942)

41.     The '942 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, *et seq.*, including without limitation, the requirements in §§ 101, 102, 103, and/or 112 and the rules and regulations and laws pertaining thereto.  Thus, the '942 Patent is invalid and Telinit's claims for relief are barred.

### FIFTH DEFENSE
### (Non-Infringement of U.S. Patent No. 7,016,942)

42.     Spotify has not infringed and does not infringe, directly, indirectly, contributorily, by inducement, or otherwise, any valid claim of the '942 Patent, either literally or under the

doctrine of equivalents, whether willfully or otherwise, and is not liable for any infringement of the '942 Patent.

## SIXTH DEFENSE
### (Failure to State a Claim of Willful Infringement)

43.    Telinit's claim for relief and each and every one of its allegations fails to state a claim of willful infringement.

## SEVENTH DEFENSE
### (Limitations on Damages and Costs)

44.    Telinit failed to provide adequate notice to Spotify of alleged infringement and is thus barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint.  Telinit is barred by 35 U.S.C. § 288 from recovering any costs associated with its action.  Telinit is precluded from recovering damages from Spotify for any alleged infringement committed more than six years prior to the filing of the complaint under 35 U.S.C. § 286.  Telinit cannot prove that this is an exceptional case justifying award of attorneys' fees against Spotify pursuant to 35 U.S.C. § 285.

## EIGHTH DEFENSE
### (Prosecution History Estoppel)

45.    Telinit is estopped from asserting any interpretation of any valid claim of the '942 Patent to cover any of Spotify's products used, imported, sold, or offered for sale, services, and/or methods of manufacture, and Telinit's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution and/or reexaminations of the patents-in-suit and/or any related patents or patent applications.

## NINTH DEFENSE
### (Equitable Defenses)

46.    Telinit's claims are barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, and/or estoppel.

## TENTH DEFENSE
### (Unclean Hands)

47.     Telinit's claims are barred in whole due to unclean hands.

48.     On August 15, 2002 Gary Odom filed Patent Application No. 10/212,891; that application issued as the '942 Patent on March 21, 2006, and listed Gary Odom as the named inventor.  On December 13, 2012, Gary Odom assigned the '942 Patent to FTE Exchange, LLC of Plano, Texas.  On December 21, 2012, FTE Exchange, LLC assigned the '942 Patent to Tierra Intelectual Borinquen, Inc. of San Juan, Puerto Rico.

49.     On December 22, 2012, nine days after assigning the '942 Patent to FTE Exchange, Gary Odom, d/b/a Patent Hawk LLC ("Patent Hawk"), initiated contact with Spotify's outside counsel, Bunsow De Mory, Smith & Allison LLP ("BDSA"), a law firm representing Spotify in litigation brought by Nonend Inventions NV.  During this initial contact Mr. Odom offered the prior art search services of Patent Hawk, referencing in particular the Nonend litigation (*Nonend Inventions NV v. Spotify USA Inc.*, 1:12-cv-01041-UNA (D. Del. filed Aug. 15, 2012); Mr. Odom indicated that Patent Hawk also performed work in "litigation claim construction & infringement analysis."  On December 28, 2012 BDSA indicated that Spotify was interested in engaging Mr. Odom for an initial prior art survey, and specifically stated that Mr. Odom's "work and [BDSM's] communications are confidential."  Mr. Odom agreed via email exchange that "[a]ll [of Patent Hawk's] work is confidential."   Mr. Odom's subsequent email communications and work product were marked as "Privileged" and "Confidential"; BDSA's communications with Mr. Odom also typically included such markings.

50.     Mr. Odom and BDSA engaged in a series of email exchanges and telephone calls between December 2012 and July 2013 concerning the patents being asserted in the Nonend litigation.  The initial engagement involved a survey of prior art that was generally relevant to

the five patents asserted at that time (the initial survey occurred prior to Nonend's identification of asserted claims in May 2013).

51.     Mr. Odom provided additional and more specific prior art searching and analysis after the asserted claims were identified and in advance of the July 19, 2013 deadline for submission of invalidity contentions.  The work involved locating prior art references to address representative claims, creating summaries of prior art (primarily patents), and drafting element-by-element mappings for those references.

52.     Discussions with Mr. Odom included strategies for invalidating the Nonend patents and for seeking out, charting, and documenting invalidity (*e.g.*, elements of networking, peer-to-peer, swarming, multicast, Napster, Freenet, Gnutella, eDonkey, etc.).  All discussions were premised on the existence of a confidential relationship for the direct purpose in carrying out the matters for which Mr. Odom was retained.

53.     Mr. Odom was provided with copies of Nonend's April 22, 2013 infringement contentions to assist in locating prior art that would be consistent with Nonend's infringement contentions. This disclosure was marked confidential and followed an express discussion concerning the confidential nature of the materials and reiteration in the attaching email that they were confidential.  The infringement contentions were marked confidential because they cited confidential Spotify information.

54.     On June 6, 2013, Tierra Intelectual Borinquen, Inc. assigned the '942 Patent back to FTE Exchange, LLC.  On September 16, 2013, FTE Exchange, LLC assigned the '942 Patent to Telinit.  On October 4, 2013 Mr. Odom received final payment from Spotify for his services—five days later, on October 9, 2013, Telinit initiated an infringement action against Spotify, alleging infringement of U.S. Patent No. 7,016,942, "Dynamic Hosting," issued to Gary Odom.

55.     Upon information and belief, Mr. Odom sold the rights to the '942 Patent to FTE Exchange, LLC in anticipation of potential litigation against Spotify.  Mr. Odom subsequently received confidential communications from Spotify that included confidential infringement contentions from Nonend describing Nonend's allegations of infringement of patents similar in scope to the '942 Patent.  Spotify anticipates discovery will reveal that Telinit received and/or induced Mr. Odom to divulge confidential information obtained by Mr. Odom from Spotify prior to initiating an infringement action against Spotify.  On information and belief, Telinit's wrongful conduct related directly to its procuring the asserted patent and Telinit's suit is based on misappropriated confidential information of Spotify.  Thus, Telinit comes to this suit with unclean hands.

### ELEVENTH DEFENSE
### (Adequate Remedy at Law)

56.     Telinit is not entitled to injunctive relief because any alleged injury to Telinit is not immediate or irreparable and Telinit has an adequate remedy at law.

### TWELFTH DEFENSE
### (Government Sales)

57.     To the extent certain products accused of infringing the '942 Patent are used and/or manufactured for the United States Government, Telinit's claims against Spotify with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### THIRTEENTH DEFENSE
### (Collateral Estoppel and/or Judicial Estoppel)

58.     Telinit is barred pursuant to the doctrines of collateral estoppel and/or judicial estoppel from re-asserting and/or altering positions that were previously the subject of its own arguments and/or rulings adverse to Telinit.

## FOURTEENTH DEFENSE
### (Telinit Cannot Prove Exceptional Case)

59.     Telinit cannot prove that this is an exceptional case justifying an award of

attorneys' fees against Spotify pursuant to 35 U.S.C. § 285.

## FIFTEENTH DEFENSE
### (Reservation of Additional Defenses)

60.     Spotify reserves all defenses under Rule 8 of the Federal Rules of Civil

Procedure, the patent laws of the United States, and any other defenses at law or equity that may

exist now or that may be available in the future based on discovery, any other factual

investigation, or any other development relating to this case or any other action.

## <u>COUNTERCLAIMS</u>

Without waiver of any of its rights, including the right to seek dismissal and/or

transfer of this action, Spotify, by and through its undersigned counsel, and by way of

Counterclaims against Telinit, alleges:

## PARTIES

1.     Spotify is a corporation organized under the laws of the State of Delaware and

maintains its principal place of business at 45 W. 18th St., 7th Floor, New York, NY 10011.

2.     Upon information and belief, Telinit is a Texas corporation with its principal

place of business at 2500 Dallas Parkway, Suite 260, Plano, Texas 75093-4871.

## JURISDICTION AND VENUE

3.     These counterclaims arise under the United States patent laws, 35 U.S.C. § 101, *et

seq*., and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

1331, 1338, 2201, and 2202.

4.     Venue is proper under 28 U.S.C. § 1391.

5.     Telinit has sued Spotify for patent infringement of the '942 Patent.  Spotify denies

infringement and denies that the patent is valid.  There is therefore a substantial, actual, and

continuing controversy between Telinit and Spotify as to the validity, enforceability, and infringement of the '942 Patent.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

6.      Spotify repeats and realleges each allegation set forth in Paragraphs 1 through 5 as though fully set forth herein.

7.      The '942 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 101, 102, 103, and 112.

8.      A judicial declaration that the '942 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Spotify can ascertain its rights and duties with respect to the products Telinit accuses of infringing the '942 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

9.      Spotify repeats and realleges each allegation set forth in Paragraphs 1 through 8 as though fully set forth herein.

10.     Spotify has not infringed and does not infringe any valid and enforceable claim of the '942 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

11.     Spotify has not contributorily infringed or induced to infringe, and does not contributorily infringe or induce to infringe, any valid and enforceable claim of the '942 Patent.

12.     A judicial declaration that Spotify does not infringe the '942 Patent is necessary and appropriate at this time so that Spotify can ascertain its rights and duties with respect to the products that Telinit accuses of infringing the '942 Patent.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the '942 Patent *vis-à-vis* Spotify)

13.     Spotify repeats and realleges each allegation set forth in Paragraphs 1 through 12 as though fully set forth herein.

14.     Spotify asserts this counterclaim against Telinit for declaratory relief that the '942 Patent is unenforceable by Telinit in this action because the doctrine of unclean hands bars Telinit from seeking any relief against Spotify.

15.     A judicial declaration that the '942 Patent is unenforceable by Telinit in this action is necessary and appropriate at this time so that Spotify can ascertain its rights and duties with respect to the products that Telinit accuses of infringing the '942 Patent.

## RESERVATION OF ADDITIONAL DEFENSES AND COUNTERCLAIMS

As Spotify continues to investigate the allegations set forth in Telinit's Complaint, Spotify specifically gives notice that it intends to rely upon additional defenses and counterclaims as may become available by law, statute, or upon further discovery proceeding in this case.  As such, Spotify hereby reserves the right to further amend its Answer and to assert such additional defenses and counterclaims as allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas.

## PRAYER FOR RELIEF

Spotify respectfully prays for the following relief:

A.     That Telinit take nothing by its Complaint;

B.     That the Court dismiss each and every claim of the Complaint with prejudice;

C.     That the Court find and enter a judgment declaring the '942 Patent to be invalid;

D.     That the Court enter a judgment declaring that Spotify has not infringed and does not infringe the '942 Patent;

E.      That the Court enter a judgment declaring the '942 Patent to be unenforceable by Telinit *vis-à-vis* Spotify and dismissing this suit;

F.      That the Court enter a judgment declaring that Spotify has not induced and does not induce infringement of the '942 Patent;

G.      That the Court enter a judgment declaring that Spotify has not contributorily infringed and does not contributorily infringe the '942 Patent;

H.      That the Court enter a judgment declaring that Spotify has not willfully infringed and does not willfully infringe the '942 Patent;

I.      That the Court enter a judgment denying any award to Telinit for damages, enhanced damages, interest, costs, or attorneys' fees;

J.      That the Court deny any injunction against Spotify;

K.      That the Court enter a judgment declaring that each claim of the '942 Patent is invalid under 35 U.S.C. §§ 1, *et seq.*;

L.      That the Court find and enter a permanent injunction restraining Telinit and its officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for infringement of the '942 Patent on the basis of the making, using, selling, offering for sale, or importing of any Spotify product or service;

M.      That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award the reasonable attorneys' fees, costs, and expenses incurred by Spotify in this action;

N.      That the Court award Spotify any and all other relief to which Spotify may show itself to be entitled;

O.      That the Court deny that Telinit's case is exceptional; and

P.    That the Court award Spotify any other relief the Court may deem just, equitable, and proper.

## THIRD-PARTY CLAIMS

Defendant/third-party plaintiff Spotify, by way of a third-party complaint against third-party defendant Gary Odom d/b/a Patent Hawk LLC ("Patent Hawk"), alleges and avers as follows:

## PARTIES

1.    Third-party plaintiff Spotify is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 45 W. 18th St., 7th Floor, New York, NY 10011.

2.    Upon information and belief, third-party defendant Gary Odom is a citizen of Oregon and conducts business as Patent Hawk LLC.

3.    Upon information and belief, Patent Hawk is a limited liability company with its principal place of business at 123 NW 12th Avenue, #1545, Portland, OR 97209.

## JURISDICTION AND VENUE

4.    The patent infringement allegations in the underlying action arise under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C § 271 *et seq*. and 28 U.S.C. §§ 1331, 1338, and 1367.

5.    This third-party complaint forms part of the same cause or controversy in the underlying action because it is inextricably related to the patent infringement allegations that Telinit brought against Spotify.  For at least this reason, the Court has supplemental jurisdiction over this third-party complaint under 28 U.S.C. § 1367(a).

6.    Patent Hawk is subject to personal jurisdiction in Texas by virtue of, *inter alia*, its having conducted business inside the State of Texas, having availed itself of the rights and

benefits of the laws of the State of Texas, and having systematic and continuous contacts with the State of Texas.  On information and belief, Patent Hawk actively and directly reaches out to customers residing in the Eastern District of Texas and markets services to litigants in cases in the Eastern District of Texas.

7.      Venue is proper in this District pursuant to 28 U.S.C., §§ 1391(b), (c), and 1400(b).

## FACTS

8.      On August 15, 2002 Gary Odom filed Patent Application No. 10/212,891; that application issued the '942 Patent on March 21, 2006, and listed Gary Odom as the named inventor.  On December 13, 2012, Gary Odom assigned the '942 Patent to FTE Exchange, LLC of Plano, Texas.  On December 21, 2012, FTE Exchange, LLC assigned the '942 Patent to Tierra Intelectual Borinquen, Inc. of San Juan, Puerto Rico.

9.      On December 22, 2012, nine days after assigning the '942 Patent to FTE Exchange, Gary Odom, d/b/a Patent Hawk LLC ("Patent Hawk"), initiated contact with Spotify's outside counsel, Bunsow De Mory, Smith & Allison LLP ("BDSA"), a law firm representing Spotify in litigation brought by Nonend Inventions NV.  During this initial contact Mr. Odom offered the prior art search services of Patent Hawk, referencing in particular the Nonend litigation (*Nonend Inventions NV v. Spotify USA Inc.*, 1:12-cv-01041-UNA (D. Del., filed Aug. 15, 2012); Mr. Odom also indicated that Patent Hawk also performed work in "litigation claim construction & infringement analysis."  On December 28, 2012, BDSA indicated that Spotify was interested in engaging Mr. Odom for an initial prior art survey, and specifically stated that Mr. Odom's "work and [BDSM's] communications are confidential."  Mr. Odom agreed via email exchange that "[a]ll [of Patent Hawk's] work is confidential."   Mr.

Odom's subsequent email communications and work product were marked as "Privileged" and "Confidential"; BDSA's communications with Mr. Odom also typically included such markings.

10.     Mr. Odom and BDSA engaged in a series of email exchanges and telephone calls between December 2012 and July 2013 concerning the patents being asserted in the Nonend litigation.  The initial engagement involved a survey of prior art that was generally relevant to the five patents asserted at that time (the initial survey occurred prior to Nonend's identification of asserted claims in May 2013).

11.      Mr. Odom provided additional and more specific prior art searching and analysis after the asserted claims were identified and in advance of the July 19, 2013 deadline for submission of invalidity contentions.  The work involved locating prior art references to address representative claims, creating summaries of prior art (primarily patents), and drafting element-by-element mappings for those references.

12.     Discussions with Mr. Odom included strategies for invalidating the Nonend patents and for seeking out, charting, and documenting invalidity (*e.g.*, elements of networking, peer-to-peer, swarming, multicast, Napster, Freenet, Gnutella, eDonkey, etc.).  All discussions were premised on the existence of a confidential relationship for the direct purpose in carrying out the matters for which Mr. Odom was retained.

13.     Mr. Odom was provided with copies of Nonend's April 22, 2013 infringement contentions to assist in locating prior art that would be consistent with Nonend's infringement contentions. This disclosure was marked confidential and followed an express discussion concerning the confidential nature of the materials and reiteration in the attaching email that they were confidential. The infringement contentions were marked confidential because they cited confidential Spotify information.

14.     On June 6, 2013, Tierra Intelectual Borinquen, Inc. assigned the '942 Patent back to FTE Exchange, LLC.  On September 16, 2013, FTE Exchange, LLC assigned the '942 Patent to Telinit.  On October 4, 2013 Mr. Odom received final payment from Spotify for his services— five days later, on October 9, 2013, Telinit initiated an infringement action against Spotify, alleging infringement of U.S. Patent No. 7,016,942, "Dynamic Hosting," issued to Gary Odom.

15.     Upon information and belief, Mr. Odom sold the rights to the '942 Patent to FTE Exchange, LLC in anticipation of potential litigation against Spotify.  Mr. Odom subsequently received confidential communications from Spotify that included confidential infringement contentions from Nonend describing Nonend's allegations of infringement of patents similar in scope to the '942 Patent.  Spotify anticipates discovery will reveal that Mr. Odom provided confidential information to Telinit prior to Telinit initiating its infringement action against Spotify.

**COUNT I**
**(Breach of Contract)**

16.     Spotify repeats and realleges each allegation set forth in Paragraphs 1 through 15 as though fully set forth herein.

17.     Spotify and Gary Odom d/b/a Patent Hawk LLC entered into a valid and binding agreement for prior art search services (the "Prior Art Agreement").

18.     Spotify has complied fully with its obligations under the Prior Art Agreement.

19.     The Prior Art Agreement required that Mr. Odom's work on behalf of Spotify and that all communications with Spotify's counsel were confidential.

20.     On information and belief, Mr. Odom received confidential information from Spotify and disclosed such confidential information to Plaintiff Telinit in furtherance of Telinit's assertion of the '942 Patent against Spotify.

21.     By reason of the foregoing, Mr. Odom has materially breached his obligations under the Prior Art Agreement.

22.     As a direct and proximate result of Mr. Odom's material breach of the Prior Art Agreement, Spotify has suffered damages in an amount to be determined at trial.

**COUNT II**
**(Breach of the Duty of Good Faith and Fair Dealing)**

23.     Spotify repeats and realleges each allegation set forth in Paragraphs 1 through 22 as though fully set forth herein.

24.     Spotify and Gary Odom d/b/a Patent Hawk LLC entered into a valid and binding agreement for prior art search services (the "Prior Art Agreement").

25.     Spotify has complied fully with its obligations under the Prior Art Agreement.

26.     The Prior Art Agreement required that Mr. Odom's work on behalf of Spotify and that all communications with Spotify's counsel were confidential.

27.     On information and belief, Mr. Odom received confidential information from Spotify and disclosed such confidential information to Plaintiff Telinit in furtherance of Telinit's assertion of the '942 Patent against Spotify.

28.     By reason of the foregoing, Mr. Odom has unfairly interfered with Spotify's right to receive the benefits of the Prior Art Agreement.

29.     As a direct and proximate result of Mr. Odom's conduct, Spotify has suffered damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

Spotify respectfully prays for the following relief:

A.     On its first cause of action for breach of contract, judgment against Gary Odom in favor of Spotify for damages in an amount to be determined at trial;

B.      On its second cause of action for breach of the duty of good faith and fair dealing,

judgment against Gary Odom in favor of Spotify for damages in an amount to be determined at

trial;

C.      That Spotify be awarded its reasonable attorneys' fees and costs;

D.      That Spotify be awarded the taxable costs of this action, and any other

consequential or other damages to which it may be legally entitled; and

E.      Such other relief as the Court deems just and proper.

DATED: December 2, 2013                Respectfully submitted,

                                       By:    */s/ Melissa R. Smith*
                                              Melissa R. Smith
                                              State Bar No. 24001351
                                              GILLAM & SMITH, LLP
                                              303 S. Washington Avenue
                                              Marshall, TX 75670
                                              Tel: (903) 934-8450
                                              Fax: (903) 934-9257
                                              melissa@gillamsmithlaw.com

OF COUNSEL:

Jeffrey E. Ostrow (*pro hac vice*)
Harrison J. Frahn IV (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Tel:  (650) 251-5000
Fax: (650) 251-5002
jostrow@stblaw.com
hfrahn@stblaw.com

Gregory T. Chuebon (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave
New York, NY 10017
Tel:  (212) 455-2000
Fax: (212) 455-2502
gchuebon@stblaw.com

                                       *Counsel for Defendant,*
                                       *Counterclaimant, and*
                                       *Third-Party Plaintiff*
                                       *Spotify USA Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 2nd day of December, 2013.  Any other counsel of record will be served via first class U.S. mail.