

UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

TELINIT TECHNOLOGIES, LLC )
)
)
)
_____ )
*Plaintiff(s)* )
v. )
)
SPOTIFY USA INC. (Defendant/Third-Party Plaintiff) )
v. )
GARY ODOM d/b/a PATENT HAWK LLC )
(Third-Party Defendant) )
_____ )
*Defendant(s)* )

Civil Action No. 2:13-CV-803-JRG-RSP

Gary Odom's Response

Your Honor:

This answer is pro se because I have nowhere near the financial resources necessary to employ legal counsel to fend off ridiculous accusations against me by a corporation with unlimited resources. It would bankrupt my family.

My firm, Patent Hawk, an Oregon LLC, has been helping a variety of clients since its inception in 2001. Most Patent Hawk work is technological research: invalidating patents via prior art.

From November 9 2012 – December 23, 2012, I negotiated with patent broker Patrick Anderson the sale of my patent portfolio for a lump sum. I took no continuing interest in the patents.

No mention was ever made between Patrick and myself of Spotify. I have never had any contact whatsoever with the current patent owner.

From December 29, 2012 – July 16, 2013, my firm did a very good job of helping Spotify against an unworthy patent assertion (*Nonend v. Spotify*), even creating potent prior art invalidity charts for their case. My work for Spotify did not start until after my patent sale. Spotify was one of numerous clients in the normal course of my firm's business.

I never told anyone outside my firm anything about my work for Spotify, nor did anyone in my firm have any such outside contact. There was no breach of confidentiality by me or my firm. I would never commit such dishonor.

I most certainly have nothing to offer of any relevance beyond this missive. There is nothing further to discover from me that is germane.

I do not even know what I'm supposed to have known that was so important that it would have made any difference to anyone. The relevant information provided for our work were the Nonend patents asserted against Spotify in that matter, and the target patent file histories. This information is in the public record.

I have already been materially damaged by Spotify's disingenuous dishonesty. I have likely forever lost my long-term law firm client (Bunsow) for whom I did the Spotify work, as they doubtlessly know of Spotify's tawdry tactic.

Normal litigation discovery with the current patent owner will reveal the truth of my statements herein because nothing will substantiate Spotify's baseless accusation.

The patent at issue before you in this case is either valid and infringed or not. Either way, whatever I never knew about Spotify while helping them would not change one iota how the patent assertion before you plays out. Which is to say that Spotify is not only lying, it is also crying wolf.

Spotify's assertion against me is a bald-faced deception to dupe you, to engender bias to their benefit. Spotify wants to taint the patent asserted against it by killing the professional reputation of the inventor. In light of its intent, you should be as offended by this meritless indecency as I am.

I do not understand why the Federal District in the Eastern District of Texas has personal or subject matter jurisdiction, for an allegation that properly would be put before an Oregon state court (alleged breach of contract), and entirely legally distinct from the patent assertion. With no interest in the patent, I am not a party in the instant case before you.

Since the matter is before you, I humbly request that you dismiss the complaint against me with prejudice. Otherwise, please dismiss this from Federal jurisdiction.

Having done nothing wrong, please leave me be.

Thank you for your consideration. May God bless you with the wisdom you require.

Dated: January 6, 2014

Respectfully submitted,

By:

Gary Odom
1549 NE Rocky Ridge Drive
Roseburg, OR 97470
(503) 922-2433
gary@patenthawk.com

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record will be served with a copy of this document via first class U.S. mail.