UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TELINIT TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br>    v.<br><br>SPOTIFY USA INC.,<br><br>        Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>GARY ODOM d/b/a PATENT HAWK LLC,<br><br>        Third-Party Defendant. | CIVIL ACTION NO. 2:13-cv-803-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT/THIRD-PARTY PLAINTIFF SPOTIFY USA INC.'S OPPOSITION TO THIRD-PARTY DEFENDANT GARY ODOM d/b/a PATENT HAWK LLC's MOTION TO DISMISS OR TRANSFER AND TO SANCTION**

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT .........................................................................................................................2

    A.    Odom's Jurisdictional Motions Should be Denied ..............................................2

        1.    Odom's Breach – Giving Spotify's Confidential Information to Telinit – Is Inextricably Linked to Spotify's Unclean Hands Defense Against Telinit ...................................2

        2.    Odom Waived Personal Jurisdiction by Answering ................................4

        3.    Odom's Contacts With Texas – Including Selling the Patent-in-Suit to a Texas Company and Continuously Conducting Business Here – Are Sufficient to Establish Specific and General Personal Jurisdiction.................................4

            (i)    Odom's Scheme of Selling the Patent-in-Suit to a Texas Company and Disclosing Spotify's Confidential Information to a Texas Company Establishes Specific Jurisdiction.................................5

            (ii)    Odom's Continuous Business Conduct Here Establishes General Jurisdiction ..............................................6

            (iii)    Jurisdiction Over Odom Does Not Offend Traditional Notions of Fair Play and Substantial Justice.......................................................7

    B.    Spotify's Allegations of Odom's Breach, Taken as True at This Stage, More Than Adequately Plead a Claim ......................................8

    C.    This District is Convenient for Odom – as He Recognized When He Previously Sued Here ..................................................................8

        1.    Parties, Witnesses, and Evidence Are Located in Texas ........................9

        2.    The Public Factors Do Not Support a Motion to Transfer....................11

    D.    Odom's Unsupported Sanctions "Motion" Does Not Even Come Close ...............................................................................................12

CONCLUSION....................................................................................................................13

# TABLE OF AUTHORITIES

**Federal Cases**

*Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208 (5th Cir. 2000) .............................................. 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ................................................................ 6

*Campbell v. Wells Fargo Bank*, 781 F.2d 440 (5th Cir. 1986) ..................................................... 9

*Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376 (5th Cir. 2003) ............................ 6

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ............................................................ 14

*Elliott v. Tilton*, 64 F.3d 213 (5th Cir. 1995) .............................................................................. 14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ................................. 7

*In re Pratt*, 524 F.3d 580 (5th Cir. 2008) ................................................................................... 14

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) ............................................. 10, 12

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ...................................................... 5

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) .............................................................. 8

*Linksmart Wireless Tech., LLC v. T-Mobile USA, Inc.*, No. 2:08-CV-264, 2010
   WL 3816679 (E.D. Tex. Apr. 5, 2012) ..................................................................................... 3

*McClaine v. Boeing Co.*, No. 13-30416, 2013 WL 5817098 (5th Cir. Oct. 30,
   2013) ......................................................................................................................................... 9

*McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957) ......................................................... 6

*Mendoza v. Murphy*, 532 F.3d 342 (5th Cir. 2008) ..................................................................... 3

*Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757 (E.D. Tex. 2000) .................................. 11

*Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995 (E.D. Tex. 2009) .................................. 8, 10, 11

*Perkins v. Benguet Mining Co.*, 342 U.S. 437 (1952) .................................................................. 8

*Prejean v. Sonatrach, Inc.*, 652 F.2d 1260 (5th Cir. 1981) ......................................................... 7

*Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415 (5th Cir. 1993) .......................... 5

*Schlobohm v. Schapiro*, 784 S.W.2d 355 (Tex. 1990) ................................................................. 5

*Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866 (5th Cir. 1988) ............................................ 14

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) ............................................... 3

*Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208 (5th Cir. 1999) ................................................... 8

**Federal Statutes**

28 U.S.C. § 1338 .................................................................................................................. 2

28 U.S.C. § 1367 .................................................................................................................. 1

**Federal Rules**

Fed. R. Civ. P. 11 ........................................................................................................... 13, 14

Fed. R. Civ. P. 12 ............................................................................................................. 4, 9

Defendant and Third-Party Plaintiff Spotify USA Inc. ("Spotify"), by and through its undersigned counsel, respectfully submits this Opposition to Third-Party Defendant Gary Odom d/b/a Patent Hawk LLC's ("Patent Hawk" or "Odom") motions in the alternative to dismiss or transfer and to sanction.

## INTRODUCTION

The story of this case begins long before the Complaint's 2013 filing.  In 2006, Gary Odom was awarded the patent now at issue.  Six years later, he assigned it to a Texas entity.  Days later, Odom solicited Spotify's lawyers to hire him as a consultant in a different patent case, and Spotify, unaware that Odom or anyone else thought that Spotify might infringe Odom's patent, hired him.  While working for Spotify and subject to a confidentiality agreement, Odom received confidential information about Spotify's streaming music services.  Five days after Odom collected his last payment from Spotify, this case was filed, accusing the very same streaming music services that Odom had learned about while consulting for Spotify.

This story reeks, so Spotify joined Odom as a third-party defendant for breaching his agreement by giving Spotify's confidential information to Telinit.  Spotify also counterclaimed against Telinit for unenforceability based on the same conduct.  Odom now moves to dismiss or, in the alternative, to transfer the case.  The inconvenience claim is not well taken, and not just because of Odom's purposeful contacts with Texas in assigning his patent and disclosing Spotify's confidential information.  In fact, Odom previously chose to be a patent plaintiff in this *very* Court, and in that case fought *against* transfer, arguing that the Eastern District of Texas was both convenient and efficient.

Odom's other motions are just as weak.  This Court properly has supplemental subject matter jurisdiction under 28 U.S.C. § 1367.  Spotify's claims against Odom arise from the same common nucleus of operative fact as its unenforceability and unclean hands defenses

against Telinit, and there is no dispute that the Court properly has original subject matter jurisdiction over those defenses under 28 U.S.C. § 1338(a).

This Court also has personal jurisdiction over Odom. As a threshold matter, Odom has waived a defense of lack of personal jurisdiction. Even if he had not, Odom has minimum contacts with Texas sufficient to ground jurisdiction in this Court: he has had purposeful contact with Texas in assigning his patent to a Texas entity and in disclosing Spotify's confidential information to Telinit, also a Texas entity. In addition, Odom has conducted business inside the state; has actively and directly reached out to potential Texas customers, including specifically targeting customers in the Eastern District; and markets his services to litigants in this District.

Finally, Odom's "motion" for sanctions is completely without merit or any substantive or procedural basis. Not only did he fail to comply with the safe-harbor provisions of Rule 11 (let alone cite Rule 11 at all), he also failed to satisfy his burden of showing – which he could not – that Spotify and its attorneys did not satisfy Rule 11(b)'s requirement of performing "an inquiry reasonable under the circumstances."

## ARGUMENT

### A. Odom's Jurisdictional Motions Should be Denied

#### 1. Odom's Breach – Giving Spotify's Confidential Information to Telinit – Is Inextricably Linked to Spotify's Unclean Hands Defense Against Telinit

This Court has original jurisdiction of the patent claims and defenses between Telinit and Spotify, and supplemental jurisdiction of the contract claims by Spotify against Odom. The same set of operative facts underlies both the patent and contract claims. Those facts, as detailed in the allegations in Spotify's Answer and summarized above, involve an alleged scheme by Odom, the inventor of the patent at issue, who assigned the patent to a Texas entity, then in a matter of a few days, solicited work from Spotify to consult on a patent case

2

very similar to the instant suit. Spotify hired him, and he received confidential information about Spotify's music streaming services using peer-to-peer technology. Then, after Odom made sure to receive his final consulting payment, Spotify alleges on information and belief that he breached his contract with Spotify by providing its confidential information to Telinit, which used it to sue Spotify on Odom's patent relating to peer-to-peer technology. These allegations, and the bases for them, are set forth in full in Spotify's Answer, Counterclaims, and Third-Party Complaint ("Answer") [DI 11] at 8-10 (Answer ¶¶ 47-55), and 16-18 (Third-Party Complaint ¶¶ 8-15).

Odom's breach forms the basis for Spotify's unclean hands defense to Telinit's patent infringement claim. *See id.* at 8-10 (Answer ¶¶ 47-55). Odom's breach is also the basis for Spotify's unenforceability counterclaim against Telinit. *See id*. at 13 (Counterclaim ¶¶ 13-15). No one disputes the Court's subject matter jurisdiction over these patent defenses and counterclaims arising out of Odom's breach. Indeed, Telinit answered and admitted jurisdiction. *See* [DI 19] at ¶ 3.

Because the same operative facts are the basis for both the patent defenses and counterclaims against Telinit, as well as the third-party claims against Odom, they satisfy the requirement for supplemental jurisdiction that they be "so related . . . that they form part of the same case or controversy, or in other words, that they derive from a common nucleus of operative fact." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Linksmart Wireless Tech., LLC v. T-Mobile USA, Inc.*, No. 2:08-CV-264, 2010 WL 3816679 (E.D. Tex. Apr. 5, 2012) (deciding that because third-party plaintiff's state law claim of breach of warranty and plaintiff's underlying patent infringement claim arose from a common nucleus of operative fact, the court had supplemental jurisdiction over the state law claim). Spotify's third-party claims and its

defenses to Telinit's patent infringement claims arise from a common nucleus of operative fact, and thus this Court has subject matter jurisdiction.

### 2. Odom Waived Personal Jurisdiction by Answering

Odom answered Spotify's claims without raising the defense of personal jurisdiction, so he has waived it.[1] Fed. R. Civ. P. 12 requires a party asserting a defense of lack of personal jurisdiction to do so either in a motion "before pleading" or "in a responsive pleading." Fed. R. Civ. P 12(b), (h)(1)(B)(ii). Odom did neither. Instead, he answered the Complaint on January 14, 2014, without raising a personal jurisdiction defense [DI 20]. Therefore, Odom has waived any objection to personal jurisdiction in this Court and this Motion is too late.

### 3. Odom's Contacts With Texas – Including Selling the Patent-in-Suit to a Texas Company and Continuously Conducting Business Here – Are Sufficient to Establish Specific and General Personal Jurisdiction

Personal jurisdiction exists independent of Odom's waiver. Personal jurisdiction over an out-of-state defendant is proper if it is permitted under the forum state's long-arm statute and the exercise of that jurisdiction comports with due process requirements. *See Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). The Texas Supreme Court has interpreted the Texas long-arm statute as reaching as far as the U.S. Constitution permits. *See Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Therefore, the analysis of Texas's long-arm statute collapses into the federal due process inquiry. Federal due process requires a plaintiff to prove that the defendant has "certain minimum contacts with [the forum]

---

[1] Spotify notes that Odom's answer stated that he did "not understand why the Federal District Court in the Eastern District of Texas has personal . . . jurisdiction . . . ." [DI 20] at 2. Not understanding why jurisdiction exists is not a denial in any sense. Nonetheless, expecting that Odom will contend that his lack of understanding was actually an affirmative defense, Spotify in the alternative addresses the substantive bases for personal jurisdiction in section A-3 of its Argument.

such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted).

A plaintiff need only establish facts or uncontroverted allegations sufficient to make a *prima facie* case supporting jurisdiction to establish personal jurisdiction over a defendant. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). All uncontroverted allegations of the party seeking jurisdiction are to be accepted as true, and the Court must "resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.* Here, Spotify has alleged that Odom has "conducted business inside the State of Texas, . . . and [has had] systematic and continuous contacts with the State of Texas." [DI 11] at 15-16 (Third Party Complaint ¶ 6). The details of those allegations are set forth below and in Spotify's third-party complaint. Odom's only response contesting jurisdiction is that his "business has always been located in Oregon and nowhere else." *See* [DI 21]. However, the out-of-state location of an individual's business does not defeat personal jurisdiction when there are contacts with the forum state. Here, Odom does not deny or controvert the contacts, so jurisdiction exists.

>   **(i)   Odom's Scheme of Selling the Patent-in-Suit to a Texas Company and Disclosing Spotify's Confidential Information to a Texas Company Establishes Specific Jurisdiction**

Odom has established minimum contacts with Texas sufficient to ground specific jurisdiction in this Court. "When a nonresident defendant has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities,' the defendant's contacts are sufficient to support the exercise of specific jurisdiction over that defendant." *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Spotify has established this Court's specific jurisdiction over Odom. As detailed in Spotify's allegations, which stand uncontroverted by Odom's motion, Odom entered into a contract to assign the patent-in-suit to a Texas entity, thereby purposefully availing himself of the benefits and protections of transacting business in the State of Texas. [DI 11] at 16 (Third Party Complaint ¶ 8); *see also Burger King*, 471 U.S. at 472; *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957) (holding that entering into a contract with a forum resident can constitute purposeful availment for purposes of establishing minimum contacts). Spotify's claims would not have arisen "but for" Odom's contract with the Texas entity FTE and his subsequent disclosures to Telinit, another Texas entity, who sued Spotify in Texas. Under the law of the Fifth Circuit, Spotify's claims "arise from or relate to" Odom's contacts with Texas such that personal jurisdiction exists. *See Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1270 n.21 (5th Cir. 1981); *see also Cent. Freight Lines*, 322 F.3d at 383 (holding that defendant had engaged in a business relationship with a Texas company with the foreseeable effect that the defendant could be haled into Texas to defend *both* the breach of contract claim arising from the relationship *and also* any tort claims that are "directly related" to the contract).

        (ii)    **Odom's Continuous Business Conduct Here Establishes General Jurisdiction**

General jurisdiction requires that the defendant have "continuous and systematic" contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). Here, Odom's contacts with Texas satisfy the requirements of general jurisdiction. As Spotify alleges, and in addition to his contacts with Texas described above, Odom (d/b/a Patent Hawk) conducts business with customers either residing in the Eastern District of Texas or litigating cases there. [DI 11] at 15-16 (Third Party Complaint ¶ 6). Odom's occupation is the provision of prior art search services over the Internet to customers engaged in patent litigation. Spotify alleges that Odom's customers both reside in Texas and

conduct litigation in this District. *See id.* Odom also markets and facilitates his prior art search services on his website to a national market of "major corporations" who are patent litigants, including those with cases in this District (*see* Exhibit 1, submitted herewith, www.patenthawk.com, last accessed March 9, 2014). These contacts create general jurisdiction. *See Perkins v. Benguet Mining Co.*, 342 U.S. 437 (1952); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984) (finding general jurisdiction when a defendant continuously and deliberately exploited the forum state).

        **(iii)    Jurisdiction Over Odom Does Not Offend Traditional Notions of Fair Play and Substantial Justice**

Once a third-party plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable. *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). Odom does not meet this burden, nor could he. He has previously admitted that venue in this District is not an "inconvenience[]." Exhibit 2, submitted herewith, Plaintiff's Opposition to Microsoft's Motion to Transfer Venue, at 11 n.5, *Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995 (E.D. Tex. 2009) (No. 6:08-cv-331). Odom said that he looked forward to litigating in this forum, stating that doing so "affords welcome visits with family in the South, and friends in Texas, where I myself used to live, and does not impose a burden." Exhibit 3, submitted herewith, Declaration of Gary Odom, at ¶ 6, *Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995 (E.D. Tex. 2009) (No. 6:08-cv-331) (Declaration filed by Odom in support of Plaintiff's Opposition to Microsoft's Motion to Transfer Venue.). Odom's own words show that jurisdiction over him in this District could hardly be said to offend traditional notions of fair play and substantial justice.

Because both subject matter and personal jurisdiction exist, Odom's motion should be denied.

7

B.  **Spotify's Allegations of Odom's Breach, Taken as True at This Stage, More Than Adequately Plead a Claim**

Spotify's allegations are more than sufficient to withstand a motion to dismiss under Rule 12(b)(6).[2] It is well established that a pleading need only contain facts sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *McClaine v. Boeing Co.*, No. 13-30416, 2013 WL 5817098, at *2 (5th Cir. Oct. 30, 2013) (citing *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009)). A complaint should be liberally construed in favor of the pleading party such that all facts pleaded in the complaint must be taken as true. *See Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). While Odom disputes the truth of Spotify's allegations, the resolution of that dispute is for another day. At this stage, Odom needs to show how the facts pleaded, if taken as true, do not "raise a right of relief above the speculative level." *McClaine*, 2013 WL 5817098, at *2. On this point, Odom is silent, and his motion cannot succeed.

C.  **This District is Convenient for Odom – as He Recognized When He Previously Sued Here**

A party seeking transfer of venue must show good cause for the transfer. *See Odom v. Microsoft Corp.,* 596 F. Supp. 2d 995, 999 (E.D. Tex. 2009) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)). "[W]hen a transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *In re Volkswagen*, 545 F.3d at 315.[3] When considering a motion to transfer, one of the primary

---

[2]  Odom requests that this Court "dismiss with prejudice" Spotify's complaint "for utter lack of evidence." Though he cites no rule, Spotify's opposition to Odom's motion assumes that the basis for Odom's motion is Fed. R. Civ. P. 12(b)(6).

[3]  Odom's own citation to *In re Volkswagen* in his motion to dismiss is not only erroneous and incomplete, but also contradicts Odom's earlier interpretation of the case. *In re Volkswagen* pays deference to the original venue chosen by the plaintiff and, in doing so, "reflects the appropriate deference to which the plaintiff[']s choice of venue is entitled." *In re Volkswagen*, 545 F.3d at 315; *see also* Exhibit 2, at 11 n.5 (arguing that "deference to the plaintiff's choice of

Continued on the next page

inquiries is whether the transfer is "clearly" for the convenience of the parties based on the private and public factors enumerated by the Fifth Circuit. *Id.* Here, the private and public factors both weigh heavily against transfer.

### 1. Parties, Witnesses, and Evidence Are Located in Texas

Odom has made no showing that any of the private factors contemplated by the Fifth Circuit favor transfer.[4] Odom never offers any evidence to support his assertion that "[a]ll the evidence that does not exist [sic] . . . [is] in Oregon." *See* [DI 21]. To the contrary, Odom assigned his patent to FTE, an entity based in Plano, Texas. [DI 11] at 8 (Answer ¶ 48), and 16 (Third-Party Complaint ¶ 8). Spotify anticipates discovery of FTE's executives and documents will show important information about Odom's dealings with this and other non-practicing entities, such as the Texas-based plaintiff, Telinit. Thus, Odom has failed to show that the convenience of witnesses warrants transfer. Furthermore, the location of relevant evidence does not favor transfer because the overwhelming majority of evidence in this case will involve electronically produced documents, not physical evidence. Additionally, the fact that Spotify is not a Texas corporation is irrelevant because residence outside the chosen venue does not diminish this Court's deference to a third-party plaintiff's choice of venue. *See, e.g.*, *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 773-774 (E.D. Tex. 2000).

Finally, although Odom claims that his business is physically located in Oregon, he had no issue being a plaintiff in this Court when it suited him. *See Odom v. Microsoft Corp.*,

---

Continued from the previous page

forum never disappears under any circumstances").

[4] The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *See In re Volkswagen*, 545 F.3d at 315.

9

596 F. Supp. 2d 995 (E.D. Tex. 2009). Indeed, he fought to keep the case in Texas when Microsoft moved to transfer *to his home district in Oregon*. He argued that his choice of this District should be respected, and that venue in the Eastern District is not an "inconvenience[]." Exhibit 2, at 10 n.5 (arguing that "Odom, the plaintiff and sole inventor, is not inconvenienced by venue in the Eastern District of Texas"); *see also id.* at 5 (citing *Mohamed,* 90 F. Supp. 2d at 744) (arguing that "deference to the plaintiff's choice of forum never 'disappears' under any circumstances" and that the "Court should not credit [the] outdated argument that a plaintiff's residence outside a chosen venue diminishes the deference accorded to his choice"). Odom went further in extolling the ease of litigating in this District, admitting that travel to the District "is gladly undertaken:" "Any inconvenience to me of travelling to this District for trial is off-set by these other advantages of the venue. This travel is gladly undertaken, as it affords welcome visits with family in the South, and friends in Texas, where I myself used to live, and does not impose a burden." Exhibit 3, at ¶ 6. When he lost that argument, and Magistrate Judge Love transferred the case from Texas to Odom's home state of Oregon, Odom took to his blog, "The Patent Prospector," to *complain*: "[t]he judge even counted [my] living in Oregon against [me] choosing to litigate in the Eastern District of Texas." *See* Exhibit 4, submitted herewith, February 2, 2009 post, "Pyrrhic Victory," to The Patent Prospector blog, *available at* http://www.patenthawk.com/blog/2009/02/pyrrhic_victory.html#more, last accessed March 9, 2014. It would be an unjust asymmetry to allow Odom to claim convenience in this District when *suing* and inconvenience in this District when *being sued*. Doing so would allow Odom the benefits of access to this Court as a plaintiff, while nonetheless retaining immunity from this Court's authority as a defendant. Accordingly, Odom has failed to meet his burden of showing that the private factors favor transfer.

### 2.     The Public Factors Do Not Support a Motion to Transfer

Likewise, Odom has made no showing that any of the public factors favor transfer.[5]  Here, judicial economy and the interests of justice weigh against transfer.  Spotify's third-party claim against Odom and its unclean hands defense and counterclaim of unenforceability against Telinit all involve the same fact pattern.  Having two courts consider these same issues would be unnecessarily duplicative and would increase the risk of inconsistent judgments.

Nor could Odom argue that the Eastern District of Texas lacks experience handling patent cases in an efficient manner.  To quote Mr. Odom:  this District has "[w]ell-honed patent rules, speedy time-to-trial, patent-savvy judges."  Exhibit 4.  Again, in comparing this District to his home District of Oregon, Odom prefers this Court to Oregon "because of the expertise of the Court in patent matters, its streamlined procedures, and the likelihood of getting to trial quickly."  Exhibit 3, at ¶ 6.  Odom repeatedly touted how the public factors favor Texas over Oregon, pointing to the "risk of court congestion and accordant delay . . . in the District of Oregon," whereas the "Eastern District of Texas's streamlined procedures for patent cases militate against transfer."  Exhibit 2, at 7, 8.  Indeed, Odom argued that "transfer likely delays trial by two years or more."  Exhibit 4.  Such delay and the risk of inconsistent judgments are not in the interest of justice.  Odom has failed to "clearly" show good cause to move venue to the District of Oregon, and thus this Court should deny his motion to transfer.

---

[5]     The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *See In re Volkswagen*, 545 F.3d at 315.

**D.      Odom's Unsupported Sanctions "Motion" Does Not Even Come Close**

Odom's offhand remark asking for sanctions is procedurally improper and entirely unsupported.[6] Rule 11(c)(2) of the Federal Rules of Civil Procedure requires that before a party may file a motion for sanctions, he must first serve the motion on the other party. The rule specifically requires that the receiving party has 21 days after service to make any appropriate denial, withdrawal, or correction before the motion can be filed; the motion "must not be filed or be presented to the court" before such time has elapsed. Fed. R. Civ. P. 11(c)(2); *see also In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) (finding that "strict compliance with Rule 11 is mandatory" and that "informal notice" such as warning letters were "insufficient to comply with the text and spirit of the Rule"). Odom did not comply with the notice or safe-harbor requirements of Rule 11(c)(2) and on that basis alone the motion should be denied. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (affirming the district court's denial of sanctions when movant failed to serve respondent with a copy of the motion prior to filing it with the court).

Beyond ignoring the express requirements of Rule 11, Odom has failed to identify any substantive support for his claim of sanctions. The totality of Odom's support for his request is the bare statement that Spotify has "assert[ed] an unconscionable, frivolous complaint in bad faith." *See* [DI 21] at 1. These unsupported, conclusory assertions fall far short of the standard for sanctions under Rule 11, which requires Odom to show that Spotify and its attorneys have failed to conduct an "inquiry reasonable under the circumstances." *See* Fed. R. Civ. P. 11(b); *see also Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 870 (5th Cir. 1988). To the contrary, Spotify's complaint is "well grounded in fact, legally tenable, and 'not interposed for any

---

[6] Though he provides none, the only conceivable basis for this motion is Rule 11 of the Federal Rules of Civil Procedure, so Spotify addresses Rule 11.

12

improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (citing and discussing the application of Rule 11).

## CONCLUSION

For the foregoing reasons, Odom's motions in the alternative to dismiss or transfer and to sanction should all be denied.

DATED: March 10, 2014          Respectfully submitted,

         By:    */s/ Melissa R. Smith*

         Melissa R. Smith
         State Bar No. 24001351
         GILLAM & SMITH, LLP
         303 S. Washington Avenue
         Marshall, Texas 75670
         Tel: (903) 934-8450
         Fax: (903) 934-9257
         melissa@gillamsmithlaw.com

OF COUNSEL:

Jeffrey E. Ostrow (*pro hac vice*)
Harrison J. Frahn IV (*pro hac vice*)
Niels J. Melius (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Tel: (650) 251-5000
Fax: (650) 251-5002
jostrow@stblaw.com
hfrahn@stblaw.com
niels.melius@stblaw.com

Gregory T. Chuebon (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
gchuebon@stblaw.com

13

*Counsel for Defendant,*
*Counterclaimant, and*
*Third-Party Plaintiff*
*Spotify USA Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 10th day of March, 2014.  Any other counsel of record will be served via first class U.S. mail.

*/s/ Melissa R. Smith*
Melissa R. Smith